UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL GALLOWAY,<br><br>　　　　　　Defendant. | Case No. 1:14-cr-00114-DAD-BAM<br><br>ORDER GRANTING APPLICATION FOR <u>SUBPOENAS DUCES TECUM PURSUANT TO FED. R. CRIM. P. 17(c)</u><br><br>(Docs. 92, 93) |

The above-titled action is before the court on defendant's application for issuance of subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

The indictment in this action charged defendant Galloway with four counts of tax evasion in violation of 26 U.S.C. § 7201, relating to the 2003 through 2006 tax years. Defendant's jury trial is scheduled to commence on May 23, 2017.

Defendant's application seeks the issuance of a subpoena to the Custodian of Records of , Intuit Inc. for production of the following records:

> All monthly statements or other records detailing transactions from 2003 through 2006 for ECHO/MerchantAmerica accounts held by Michael Galloway, Sandra Galloway, Catholic Online, Catholic Financial Services, or Your Catholic Voice Foundation.

According to defendant, the requested records will assist him in refuting the government's contention that he failed to report as income a substantial amount of money that was processed

1

through his ECHO/MerchantAmerica account and deposited into his merchant account with the First Regional Bank.

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Komisaruk*, 885 F.2d 490, 495 (9th Cir. 1989). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting *Nixon*, 418 U.S. at 698)). *See also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, there must be a substantial foundation for the movant's belief that the requested material exists and will be relevant and admissible. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). In meeting the specificity requirement, the movant must request specific documents and not entire categories of files since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." *Reed*, 726 F.2d at 577 (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

The court finds that the pending application, supported by defense counsel's declaration and the documents attached thereto, meets the standards set forth above. In addition, the application establishes that production of the requested documents prior to trial is appropriate under the circumstances presented in this case. Accordingly, defendant's Application for Subpoena Duces Tecum (Doc. No. 92) is hereby granted pursuant to Federal Rule of Criminal Procedure 17(c). The court authorizes the issuance of subpoenas duces tecum to the Custodian of Records for Intuit Inc. for production prior to trial of the following records:

> All monthly statements or other records detailing transactions from 2003 through 2006 for ECHO/MerchantAmerica accounts held by Michael Galloway, Sandra Galloway, Catholic Online, Catholic Financial Services, or Your Catholic Voice Foundation.

IT IS SO ORDERED.

Dated: **May 5, 2017**

_____
UNITED STATES DISTRICT JUDGE